IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MAHER HIJAZI, *et al.*<br><br>Defendants. | No. 13-CR-3591-MV |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Muhnad Alshammari's Motion for an Order Compelling Specific Discovery [Doc. 81], in which his two co-defendants join [Docs. 82-83]. The government responded [Doc. 85] and Alshammari filed a reply [Doc. 86] in which his co-defendants joined [Docs. 87-88]. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and therefore will be **denied**.

### BACKGROUND

Alshammari and his two co-defendants were charged in a nineteen-count indictment filed with this Court on November 6, 2013 [Doc. 2]. Approximately one month later, on December 2, 2013, "discovery was formally made available" to the Defendants. Doc. 85 at 1. *See also* Doc. 26. According to the government, this material included "letters that catalog the discovery, discuss the location of the most relevant discovery, and provide instruction on accessing discovery." Doc. 85 at 2. After approximately four months, on April 15, 2014, the "Defendants sent correspondence to the government seeking additional discovery and/or clarification discovery." *Id. See also Id.* at ex. B. The government responded two weeks later, on April 30,

1

2014, providing additional discovery, including some items that it said would be made available for review in person.  *See Id.* at 2.  *See also Id.* ex. A at 28-29.  Then, on August 25, 2014, Alshammari filed the instant Motion, without "contacting or communicating with the government concerning discovery." *Id.* at 2.  The Motion enumerated 137 items of discovery that Alshammari, joined by his co-defendants, believed the government is required to produce; in their reply, however, Defendants cabin their request to "items 19-78 of their motion," withdrawing their demand as to "the remaining items listed on [sic] the defendant's motion to compel specific discovery." Doc. 86 at 5.

## DISCUSSION

The instant Motion initially presented 137 requests for discovery, not one of which complied with the applicable local rule (D.N.M.LR-Crim.16) and the discovery order in this case [Doc. 18].  The local rule mandates that the parties abide by the Standard Discovery Order, which Magistrate Judge Torgerson entered in this case on November 18, 2013.  *See generally* Doc. 18.  The Order, in turn, states that "[i]f a party contends that the opposing party has not provided the material required to be produced by this Order [including *Brady* and Rule 16 evidence], that party may petition this Court for its disclosure only after a specific request for production has been denied by the opposing party." *Id.* ¶ 8.  "However," the Order continues, "the Court will deny any such petition unless the party seeking production complies with" two sets of requirements.  *Id.*  First, the party must identify "with specificity the evidence required to be disclosed and the paragraph of this Order authorizing its production." *Id.* ¶ 8(A).  Second, the party must identify the "Assistant U.S. Attorney or the individual defense counsel to whom a specific request for disclosure was made, the date such disclosure was denied and the proffered reason for denial." *Id.* ¶ 8(B).

Here, Alshammari and his co-defendants have not complied with either set of prerequisites, such that their request must be denied. First, the Motion contains not one citation to the Court's Order, let alone the orderly item-by-item justification it contemplates. *See generally* Doc. 81. *See also* Doc. 18 ¶ 8(A). Instead, Alshammari and his co-defendants rely on generic recitations of evidence law that do not refer specifically to the items listed. *See* Doc. 81 at 1-5, 17-18. Second, nowhere in the Motion does the Defense indicate to whom the "specific request[s] for disclosure [were] made," when such requests were made, and "the proffered reason[s] for denial." Doc. 18 ¶ 8(B); s*ee also generally* Doc. 81. Indeed, the Motion is devoid of any procedural background whatsoever. Given this disregard for the Court's Order and the sheer number of discovery requests at issue, the Court will **deny** the Motion.

## CONCLUSION

This Court is accommodating, but it will not attempt to resolve a dispute regarding dozens of items of discovery where the moving party has not adequately described the evidence at issue, the facts of the dispute, the provisions of the Court's Order upon which it relies for each requested item, and the reasons given by the opposing party for refusing each request. Judicial resources are scarce and the Court simply cannot spend time on matters that the parties have not appropriately framed, as required by the Court's Order.

**IT IS THEREFORE ORDERED** that the Defendant's Motion as joined by his co-defendants [Doc. 81] is denied.

Dated this 29th day of December, 2014.

_____
**MARTHA VAZQUEZ**
UNITED STATES DISTRICT JUDGE

3